*J. C. Jonson, for appellants.*

---

EMILY NELSON, ET AL., *v.* GEORGE W. ROSE, ET AL.

**Decedents' Estates—Release of Claim to Defraud Creditors—Dower.**
    A person having a claim against an estate cannot release it or give it away, so as to defeat the right of his creditors.

**Dower.**
    Before a judgment can be rendered awarding dower to the widow, the children must be parties to such action.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 20, 1875.

OPINION BY JUDGE COFER:

The appellant, Emily Nelson, has no legal right to complain that

the debt due her from the estate of her husband has been subjected to the payment of her debts to the appellees. If the fund had been released by her to her children she has no longer any legal interest in it; and if it still remains hers there seems to be no reason why her creditors should not subject it to the satisfaction in part of their debts.

She does not say when or upon what consideration she abandoned her claim to the debt due her from the estate, and we cannot concur with her counsel that she had a right voluntarily to surrender the claim to her children, so as to defeat the rights of her creditors. Nor can we perceive any legal ground upon which she can resist the effort of her creditors to subject her dower interest to sale to satisfy their judgments. If she had made an effectual surrender of her dower before the appellees commenced their suit, or if she was not entitled to dower, she is not prejudiced by the judgment subjecting it to sale. The children, if they had been served with process, might have raised the question whether she was entitled to dower, or they might have shown that she had made a valid surrender of her dower to them; but as they are not served with process, they are not affected by the judgment subjecting it to sale.

But they were necessary parties, and should have been brought before the court before a judgment was rendered to allot her dower, for this is a subject in which they have a joint interest with their mother, and no allotment of dower can be legally made until they are brought before the court. Although some of the children are infants, and not having been before the court below cannot appeal from the judgment without the intervention of a next friend in this court, which has not been had, yet there is enough in the record to show one of them, Matthews Nelson, is an adult, and as he is an appellant, and had a right to be before the court before an order was made to allot dower to his mother, the judgment must be *reversed* for the error in making the order before the heirs of H. L. Nelson were brought before the court.

So many of the heirs as were twenty-one years of age on September 8, 1874, the date at which the record was filed in this court, have entered their appearance and need not be served with process; but those under that age at the time should be brought before the court, and they should be allowed to present any defense they may have to the action.

We perceive no error in the judgment against Moore, which judgment is *affirmed*. But the order directing dower to be allotted is

*reversed,* and the cause is remanded for further proceedings in conformity to this opinion.

*Weir & Son, for appellants.*